UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG DILWORTH, et al.,

        Plaintiffs,

   v.

CITY OF EVERETT, et al.,

        Defendant.

CASE NO. C14-1434 MJP

ORDER ON MOTION TO RECUSE

The Court, having received and reviewed:

1. Plaintiffs' Motion to Recuse Judge Pechman (Dkt. No. 7)

2. Defendants' Opposition to Plaintiffs' Motion to Recuse Judge Pechman (Dkt. No. 16)

3. Reply in Support of Motion to Recuse Judge Pechman (Dkt. No. 19)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED; the Court declines to recuse itself from this matter.

IT IS FURTHER ORDERED that the matter is referred to U.S. District Judge Robert S. Lasnik for review in accordance with the Local Rules of this district.

ORDER ON MOTION TO RECUSE- 1

IT IS FURTHER ORDERED that Plaintiffs' permission to file pleadings electronically in this matter is RESCINDED; any future filings must be made in hard copy, either by mail or in person, and must conform to the requirements of the "vexatious litigant" finding in C14-237-MJP, Dkt. No. 113.

## Background

Plaintiffs have had two matters before this Court over the course of 2014: C14-237-MJP and C14-1434-MJP. Although Plaintiffs appear to object to the characterization, all of the litigation that they have filed in this district is related to a cascading series of events which began with a property dispute with their neighbors and snowballed into accusations of assault and battery, wrongful prosecution, constitutional violations and a plethora of other claims.

On October 8, 2014, this Court entered an order dismissing all of Plaintiffs' claims against the parties in the earlier-filed matter. (C14-237, Dkt. No. 113.) In addition to the dismissal, the Court declared Plaintiffs to be vexatious litigants and imposed a series of conditions upon any future filings in this district. (Id. at 15-16.). The following day, Plaintiffs filed the instant motion to recuse this Court in C14-1434.

## Discussion

Plaintiffs raise two grounds upon which they believe that recusal is justified.

### I. Statements of Alleged Prejudgment in C14-237

Plaintiffs assert statements contained in the order of dismissal in C14-237 which reference the filing of C14-1434 demonstrate that this Court has prejudged the instant case unfavorably against them. (Motion to Recuse, Dkt No. 7 at 6-7.) Plaintiffs contend that this Court has determined that "C14-1434 involves the 'same alleged injuries' as C14-237," (Id. at 6)

and that bias is evident because the cases could not be linked since the alleged injuries in C14-1434 occurred after C14-237 was filed and involve different and new parties.

In fact, the Court's previous order states that "[t]he fourth case [C14-1434MJP] is a continuation of the same dispute, <u>stemming from</u> the same alleged injuries (bad faith harassment and prosecution, assault)..." (C14-237, Order on Motions, Dkt. No. 113 at 13; emphasis supplied.) The statement was merely a reflection of the fact that the bad faith prosecution and other causes of action alleged in the instant case arose out of the incidents (property dispute, assault and battery, etc.) chronicled in Plaintiffs' previous complaints in federal court.

This is hardly news, much less evidence of bias or prejudgment. Plaintiffs themselves referenced the incidents alleged in C14-1434 in multiple documents filed in C12-237. (*See, e.g.,* C14-237, Proposed Second Amended Complaint, Dkt. No. 79 at 17-19, 30-32, 50 and 90; *see also*, C14-237, Response to Motion to Dismiss, Dkt. No. 75 at 7-8.) (citing to "harassing state proceedings…without probable cause, based on the same March 29, 2013 incident, which is further being abused in Everett Municipal Court #CRP 05880, filed on March 24, 2014 (Exhibit E).")

In alluding to this fact, the Court neither stated nor implied that the cases were identical and would be decided in the same manner; rather, the Court pointed to the fact that many of the allegations contained in the newest lawsuit were already before it. This observation was made in the context of analyzing one of the factors relevant to a "vexatious litigant" determination; namely, "a listing of all the cases and motions that [leads] the district court to conclude that a vexatious litigant order [is] needed." (C14-237, Order on Motions, Dkt. No. 113 at 12-13; citations omitted.) The fact that Plaintiffs had filed a lawsuit stemming from allegations already

ORDER ON MOTION TO RECUSE- 3

before the Court at a time when a stay was in place because of the excessive amount of pleadings currently on the docket was relevant to the analysis of whether they were vexatious litigants. It was a comment on the procedural impropriety of Plaintiffs' actions, not on the merits of their pending lawsuit.

Plaintiffs cite other statements contained in the Order on Motions in C14-237 as further evidence of bias. "Judge Pechman additionally shows prejudgment and deep-seated bias by opining that everything Ryggs allege (*sic*) is 'baseless' and exists in an 'imagined world,'" which they claim constitutes "personal bias deriving from an extrajudicial source." (Motion to Recuse, Dkt. No. 7 at 7.) The Court points out that its use of the word "baseless" in the dismissal order in the previous matter was confined solely to the allegations contained in the C14-237 complaint (*see* Dkt. No. 113 at 15 and 18); no reference was made to the allegations at issue in the instant matter. The characterization of Plaintiffs' allegations in C14-237 as existing in an "imagined world" is nothing more than an expression of opinion based on extensive review of innumerable pleadings in Plaintiffs' lawsuits before this Court (including the examination of pleadings in cases before U.S. District Judge James L. Robart while reviewing motions to recuse that judicial official in this Court's role as Chief Judge of the Western District of Washington).

This is simply an example of a judicial opinion which is based on the pleadings presented to the court.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994). And, again, these remarks were directed at the allegations upon which the Court was ruling at the time; i.e., the claims made (and dismissed)

ORDER ON MOTION TO RECUSE- 4

1  in C14-237.  The Court expresses no opinion, and harbors no bias, concerning Plaintiffs' pending

2  claims – those causes of actions will be evaluated on their merits, both factual and legal.

### II. Membership in the Washington State Bar Association (WSBA)

Plaintiffs are also of the opinion that "Judge Pechman has extrajudicial bias as a member of the WSBA." (Motion to Recuse, Dkt. No. 7 at 4.)  While it is true that there is some precedent for assigning out of state judges to matters before the court involving the WSBA as a party[1], that precedent is completely inapplicable in this case, primarily because the WSBA is not a party to this lawsuit.

Plaintiffs make three arguments concerning the issue which the Court feels compelled to address.  One is that this Court "should never have heard C14-237 in the first instance as that suit involved the WSBA." (Id.)  The Court rejects that assertion on the grounds that the WSBA was a peripheral, even unnecessary, party in the previously dismissed lawsuit: the organization was mentioned once in Plaintiffs' 58-page complaint (and then only in conjunction with an event – the suspension of Plaintiffs' former counsel for activities entirely unconnected to Plaintiffs[2] -- unrelated to the subject of their lawsuit) and was nowhere named in any of their causes of action.

Second, Plaintiffs argue that "[t]he linking of this case C14-1434 with C14-237 by Judge Pechman in her own mind thus links the extrajudicial prejudice in C14-237 to this case C14-1434." (Id.)  This is so, Plaintiffs contend, because "Judge Pechman was only assigned to this case C14-1434 because she was assigned to C14-237 after Judge Coughenour recused himself." (Id. at 4-5.)  Plaintiffs provide no evidentiary support for this conjecture, and this Court takes

---

[1] See Scannell v. WSBA, C12-683MJP; Marshall v. WSBA, et al., C11-5319RBL; Pope v. State of Washington, WSBA, et al., C11-5970BHS.

[2] See In re: Marja Starczewski, RD13-82MJP, wherein Plaintiffs' former counsel was suspended from practicing in this district as a reciprocal discipline measure, primarily for lying to a client after her inactivity had resulted in the dismissal of his case.

judicial notice of the fact that cases are randomly assigned to the judges in this district, both at time of filing and in the event that reassignment becomes necessary for any number of reasons.[3] It is a matter of chance that both these cases wound up before this Court; Plaintiffs' "linking" of them is purely speculative and not sufficient grounds for recusal.

Finally, the Court turns to Plaintiffs' assertion that "Judge Coughenour's recusal… acknowledges the appearance of bias requiring the recusal of Judge Pechman." (Id. at 5.) Again, Plaintiffs present no evidence in support of their speculation about Judge Coughenour's reasons for recusal. The Court again quotes the entirety of the minute order announcing Judge Coughenour's recusal:

> Judge Coughenour hereby recuses himself in the above-captioned matter. The case has been randomly REASSIGNED in rotation to the Honorable Marsha J. Pechman. All future filings shall bear the cause number C14-0237-MJP.

(Minute Order, C14-237, Dkt. No. 109.) No reasons for Judge Coughenour's recusal were given, and Plaintiffs' self-serving conjectures remain pure speculation and thus insufficient grounds for recusal.

### III. Vexatious Litigant Determination and Future Filings

In Plaintiffs' previously dismissed matter, this Court made a determination that Craig Dilworth and Carolyn Rygg are "vexatious litigants." (C14-237, Order on Motions, Dkt. No. 113 at 11-16.) Certain conditions were imposed upon their ability to litigate in this district, among them that they were prohibited from filing any further pleadings in any matter which had not been reviewed and approved by this Court. (Id. at 16.) Defendants argue that this motion to recuse should have been denied immediately, solely on the grounds that it was filed directly into

---

[3] See C14-237, Dkt. No. 109: "Judge Coughenour hereby recuses himself in the above-captioned matter. The case has been randomly REASSIGNED in rotation to the Honorable Marsha J. Pechman."

ORDER ON MOTION TO RECUSE- 6

1 the court record and not submitted to this Court for review as ordered. (Opposition to Motion to
2 Recuse, Dkt. No. 16 at 2.)
3    In fact, it is clear from the pleadings that Plaintiffs attempted to comply with the
4 vexatious litigants order – they filed three copies of the document, a motion requesting
5 permission to file the recusal request, and proof that they had satisfied the sanction imposed by
6 the Court in C14-237; all requirements imposed as a result of the vexatious litigant finding.
7    Their ability to file their documents directly into the court record is the result of an
8 oversight by this Court, an oversight which will be corrected in this order. Plaintiff Craig
9 Dilworth had previously applied for, and been granted, permission to file electronically in the
10 two matters pending before this Court. This permission allowed him direct access to the Western
11 District of Washington's electronic filing system, and as a result his filings related to this recusal
12 request were directly entered into the court docket without benefit of a review. As long as
13 Plaintiffs have permission to file electronically, their pleadings will not be able to be subjected to
14 the reviewed required by their status as vexatious litigants.
15    Upon entry of this order, therefore, Plaintiffs' permission to file electronically in this
16 matter will be rescinded.[4] Any future filings in any matter in this district must be made in hard
17 copy, either by mail or in person, and they are ordered to identify themselves as subject to a
18 vexatious litigants' order which requires their pleadings to be reviewed by a judicial official prior
19 to being entered into the court record.

20                              **Conclusion**

21    Based on the evidence presented by Plaintiffs, it is the opinion of this Court that no
22 "reasonable person with knowledge of all the facts would conclude that the judge's impartiality
23 ──────────────
24    [4] Plaintiff's permission to file electronically in C14-237 will be handled by a separate order in that matter.

1 might reasonably be questioned." <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir.

2 1993). This Court declares that it has neither bias towards Plaintiffs nor favoritism toward

3 Defendants, and declines to recuse itself on that basis.

4     In accordance with the Local Rules, this matter is referred to U.S. District Judge Robert

5 S. Lasnik for review of Plaintiffs' recusal request and this Court's denial of that request.

7     The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

8     Dated: October 31, 2014.

                                         Marsha J. Pechman
                                         United States District Judge