UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG DILWORTH, et al., | CASE NO. C14-1434 MJP |
| Plaintiffs, | ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, DEFENDANTS' MOTION TO DISMISS |
| v. | |
| CITY OF EVERETT, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiffs' Motion for Preliminary Injunction to Stop the Bad Faith Prosecution and Threat of Prosecution, (Dkt. No. 2), and Defendants' Motion to Dismiss (Dkt. No. 8). Having considered the Parties' briefing and all related papers, the Court DENIES Plaintiffs' motion, GRANTS Defendants' motion, and DISMISSES the case.

**Background**

Plaintiffs filed this action seeking to enjoin a pending state criminal prosecution and for money damages resulting from the prosecution. (Dkt. No. 1.) Plaintiffs allege, inter alia, that the prosecution is being pursued in retaliation for Plaintiffs having sought redress against local officials and their associates. (Id.) The assault prosecution stems from an altercation between

1   Plaintiffs and their neighbors on March 29, 2013, arising from a dispute over the boundary line

2   between Plaintiffs' property and their neighbors' property.  (Id.)  Plaintiffs allege that the

3   prosecution of Plaintiff Rygg, and the threatened prosecution of Plaintiff Dilworth, is being

4   undertaken in retaliation for Plaintiffs having sought to protect their constitutional rights in three

5   earlier filed federal suits which named numerous state officials as defendants.  (Id.)

6        Defendants argue that this case is another iteration of the dispute between neighbors

7   which gave rise to the first three federal suits and resulted in Plaintiffs being found to be

8   vexatious litigants (see Rygg v. Hulbert, Case No. 2:14-cv-237-MJP, Dkt. No. 113 (W.D. Wash.

9   2014)), is based on frivolous allegations, and should be dismissed because Plaintiffs have failed

10  to state a plausible claim, because any claim would be barred by absolute and qualified

11  immunity, and because this case calls for abstention and dismissal under Younger v. Harris, 401

12  U.S. 37 (1971).  (Dkt. No. 8.)

13  **Discussion**

14  I.    Legal Standards

15      A.    Article III standing

16       To establish standing under the "case or controversy" requirement of Article III of the

17  United States Constitution, a plaintiff must demonstrate a sufficient personal stake in the

18  outcome to justify the invocation of judicial process.  Baker v. Carr, 369 U.S. 186, 204 (1962).

19  Plaintiffs must allege three elements in order to establish Article III standing: (1) an injury in fact

20  that is actual or imminent and concrete and particularized; (2) the injury is fairly traceable to the

21  alleged action of the defendant and not the result of an independent action by a third party; and

22  (3) "it is likely, not merely speculative, that the alleged injury will be redressed by a favorable

23

24

1    decision." <u>Goodman v. HTC America, Inc.,</u> No. C11-1793MJP, 2012 WL 2412070, at *5 (W.D.

2    Wash. June 26, 2012) (<u>citing</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992)).

3    The party invoking federal jurisdiction has the burden of establishing these elements.  <u>Lujan</u>, 504

4    U.S. at 561 (1992).  However, in ruling on a motion to dismiss for want of standing, the "court[ ]

5    must accept as true all material allegations of the complaint, and must construe the complaint in

6    favor of the complaining party." <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975).

7                          B.        Dismissal for failure to state a claim

8            Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a

9    claim upon which relief can be granted."  In ruling on a motion to dismiss, the Court must

10   construe the complaint in the light most favorable to the non-moving party.  <u>Livid Holdings Ltd.</u>

11   <u>v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all

12   well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of

13   the plaintiff.  <u>Wyler Summit P'ship v. Turner Broad. Sys.</u>, 135 F.3d 658, 661 (9th Cir. 1998).

14           Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to

15   relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A

16   claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

17   draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Aschcroft</u>

18   <u>v. Iqbal</u>, 556 U.S. 662, 678 (2009).  As a result, a complaint must contain "more than labels and

19   conclusions, and a formulaic recitation of the elements of a cause of action will not do."

20   <u>Twombly</u>, 550 U.S. at 555.  When the allegations in the complaint, "however true, could not

21   raise a claim of entitlement to relief, this basic deficiency should… be exposed at the point of

22   minimum expenditure of time and money by the parties and the court." <u>Id.</u> at 558 (internal

23   quotations marks omitted).

24

C.      Younger v. Harris abstention

"In Younger, the Supreme Court first articulated the principle that a federal court should not interfere with an ongoing state criminal prosecution. The Court based its holding on two grounds: first, the general reluctance of equity courts to disrupt criminal proceedings, and second, notions of federal-state comity expressed as "Our Federalism."" Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 469 (9th Cir. 1984). Younger abstention "is based on a strong policy of avoiding federal interference in pending state proceedings enforcing state public policy." Gartrell Const. Inc. v. Aubry, 940 F.2d 437, 441 (9th Cir. 1991).

A federal court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

"At the same time, however, the Court clearly left room for federal injunctive intervention in a pending state court prosecution in certain exceptional circumstances—where irreparable injury is 'both great and immediate,' where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of 'bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." Mitchum v. Foster, 407 U.S. 225, 230 (1972) (internal citations omitted).

"Federal courts have construed the bad-faith exception very narrowly, applying it when the state brings repeated charges solely for the purpose of harassment without the reasonable

expectation of conviction, and where systematic deprivations of [a plaintiff's] rights to raise Constitutional claims in state court have occurred due to judicial bias." Bell v. Dep't of Soc. & Health Servs., No. C07-72-JCC, 2007 WL 2069869, at *1 (W.D. Wash. July 13, 2007) (internal citations omitted) aff'd sub nom. Bell v. Dep't of Soc. & Health Servs., 382 F. App'x 669 (9th Cir. 2010).

       II.       Article III Standing

       Defendants argue that Plaintiff Dilworth's claims must be dismissed for lack of standing because the alleged threat of prosecution is a hypothetical injury not actual or imminent, and that Dilworth's claims against his neighbors in relation to his real property claims do not concern the Defendants here and thus cannot be redressed by a favorable decision of this Court.  (Dkt. No. 8 at 19-21.)  Plaintiffs respond that the threat of prosecution is "real," and "more than speculative," and that Dilworth has standing to protect his First Amendment rights and property rights.  (Dkt. No. 20 at 24.)

       Article III standing requires Plaintiffs to have suffered an "injury in fact," or an injury which is (a) concrete and particularized, and (b) actual or imminent.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  There must be a causal connection between that injury and the conduct complained of; the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id.  Lastly, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  Id.  Plaintiffs bear the burden of establishing jurisdiction, commensurate with the level of proof required at each stage of the proceeding.  Id. at 561.

       Plaintiffs have alleged no facts which demonstrate that the alleged threat of prosecution is anything but speculative.  "[A] general threat of prosecution is not enough to confer standing."

1    San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1127 (9th Cir. 1996).  Conclusory

2    statements that the threat of prosecution is "real" and "more than speculative" do not make it so.

3    Dilworth's claims under a Fourteenth Amendment right "to have [his] real property dispute

4    decided in a court with jurisdiction over real property" concerns a property boundary line dispute

5    with his neighbors, not parties to this suit, and cannot confer standing.  See Lujan, 504 U.S. at

6    560.

7         The Court finds that Plaintiff Dilworth lacks Article III standing, and DISMISSES his

8    claims.

9         III.    Failure to State a Claim

10        Defendants argue that the complaint must be dismissed pursuant to Fed. R. Civ. P.

11   12(b)(6) because the complaint is a "shotgun-style" or "puzzle" pleading which does not state a

12   claim under Fed. R. Civ. P. 8 or the pleading requirements established by the Supreme Court in

13   Twombly and Iqbal, and because the claims are barred by absolute and qualified immunity.

14   (Dkt. No. 8 at 1-3.)  Plaintiffs argue that there is no immunity from the injunctive relief sought,

15   and that immunity does not apply to the damages claims under Kalina v. Fletcher, 522 U.S. 118

16   (1997).  (Dkt. No. 23 at 23-24.)

17        A.    Claims against the City of Everett

18        Defendants argue Plaintiffs' allegations against the City of Everett ("City") fail as a

19   matter of law because they have not alleged a policy, practice, or custom of constitutional

20   violations.  (Dkt. No. 8 at 18-19.)  Plaintiffs argue they have alleged a "long history of

21   harassment and policy of corruption" by the City sufficient to establish liability.  (Dkt. No. 20 at

22   20.)

23

24

ORDER ON PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION, DEFENDANTS'
MOTION TO DISMISS- 6

1    "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy,

2    practice, or custom of the entity can be shown to be a moving force behind a violation of

3    constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing

4    Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978)).  "In order to

5    establish liability for governmental entities under Monell, a plaintiff must prove (1) that [the

6    plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality

7    had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional

8    right; and, (4) that the policy is the moving force behind the constitutional violation." Id.

9    (internal quotation marks and citation omitted).

10    "Mere proof of a single incident of errant behavior is a clearly insufficient basis for

11   imposing liability" under Monell.  Merritt v. Cnty. of Los Angeles, 875 F.2d 765, 770 (9th Cir.

12   1989).  Instead, liability for an alleged policy, practice, or custom must be "founded upon

13   practices of sufficient duration, frequency, and consistency that the conduct has become a

14   traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

15    Plaintiffs have not alleged facts supporting a municipal policy, practice, or custom of

16   retaliating against those who seek redress against local officials or those connected with local

17   officials.  Plaintiffs allege a single incident of allegedly retaliatory prosecution, the 2014 criminal

18   prosecution they now seek to enjoin.  Plaintiffs allege that the City investigated a report made by

19   Plaintiffs' neighbors that Plaintiffs were violating the city code in 1998, and that the City

20   declined to take enforcement action against Plaintiffs' neighbors for a code violation in 2004.

21   (Dkt. No. 1 at 19-20.)  Plaintiffs also allege facts about a 2009 incident where the City sent

22   Plaintiffs a notice of complaints and a related investigation, which the City dropped at Plaintiffs'

23   request.  (Id.)

24

1    While these facts demonstrate that Plaintiffs have had several disagreements with City

2    officials over the preceding two decades, these facts do not plausibly establish a municipal policy

3    or practice of retaliation against those who seek redress against local officials and those who

4    have connections to local officials.  Plaintiffs' claims against the City fail to state a plausible

5    claim upon which relief can be granted, and are DISMISSED.

6              B.       Claims for monetary relief

7    Defendants argue that claims for monetary relief must be dismissed because they are

8    barred by absolute and qualified immunity.  (Dkt. No. 8 at 11-18.)  Plaintiffs argue that Fisher

9    signed the charge as a complaining witness, and thus there is no immunity from damages under

10   Kalina v. Fletcher, 522 U.S. 118 (1997).  (Dkt. No 20 at 23-24.)

11   "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for

12   his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate

13   for the State' and his actions are 'intimately associated with the judicial phase of the criminal

14   process.'" Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009) (quoting Imbler v.

15   Pachtman, 424 U.S. 409 (1976); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)

16   ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for

17   trial, and which occur in the course of his role as an advocate for the State, are entitled to the

18   protections of absolute immunity. Those acts must include the professional evaluation of the

19   evidence assembled by the police and appropriate preparation for its presentation at trial or

20   before a grand jury.").  "[A]llegations that a conspiracy produced a certain decision should no

21   more pierce the actor's immunity than allegations of bad faith, personal interest or outright

22   malevolence." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

23

24

1    Plaintiffs allege that they are entitled to monetary damages because "Mike Fisher signing

2    the criminal charge under penalty of perjury is an act of a 'complaining witness' for which he

3    has no judicial immunity."  (Dkt. Nos. 1 at 23, 20 at 23-24.)  Plaintiffs cite Kalina v. Fletcher,

4    522 U.S. 118 (1997), for this proposition.

5    Kalina concerned a prosecutor's signing of a factual affidavit supporting an application

6    for an arrest warrant, not the signing of a criminal complaint.  The Supreme Court explained that

7    prosecutors in that role are not entitled to immunity because "[t]estifying about facts is the

8    function of the witness, not of the lawyer." Kalina, 522 U.S. at 130.  Prosecutor Fisher's signing

9    of a criminal charge after verifying, under penalty of perjury, that he had reasonable grounds to

10   believe that Plaintiffs committed a criminal offense, was done as a lawyer, not as a witness.

11   Kalina is inapplicable.  See Tanner v. City of Fed. Way, 100 Wn. App. 1, 2 (2000) (holding that

12   "a prosecutor does not act as a complaining witness by certifying the presence of reasonable

13   grounds to believe that the accused has committed the cited offense," because "[u]nlike Kalina,

14   the prosecutor here did not swear to the truth of particular facts"); see also Petersen v. Bolter,

15   Case No. C09-1164RSL, 2009 WL 4824005 (W.D. Wash. Dec. 8, 2009).

16   Plaintiffs' reliance on Kalina is unavailing.  Because Plaintiffs have pleaded no other

17   theory under which they are entitled to monetary damages from prosecutors acting within their

18   role as advocates for the state, the Court DISMISSES Plaintiffs' claims for monetary relief.

19              C.      Claims for injunctive and declaratory relief

20   Plaintiffs seek preliminary (Dkt. No. 2) and permanent injunctive and declaratory relief

21   concerning a pending state criminal prosecution (Dkt. No. 1), arguing that they have alleged

22   facts sufficient to satisfy the bad faith prosecution or harassment exception to the Younger v.

23   Harris, 401 U.S. 37 (1971), abstention doctrine.  (Dkt. No. 20 at 2-22.)  Defendants argue that

24

1    Plaintiffs have not met their burden under the bad faith exception, and that principles of comity

2    and federalism require this Court to abstain from enjoining the pending state criminal

3    prosecution.  (Dkt. No. 8 at 6-11.)

4         A federal court "must abstain under <u>Younger</u> if four requirements are met: (1) a state-

5    initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the

6    federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding;

7    and (4) the federal court action would enjoin the proceeding or have the practical effect of doing

8    so, <u>i.e.</u>, would interfere with the state proceeding in a way that Younger disapproves." <u>San Jose</u>

9    <u>Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose</u>, 546 F.3d

10   1087, 1092 (9th Cir. 2008).  "An exception to that general rule exists if there is a showing of bad

11   faith, harassment, or some other extraordinary circumstance that would make abstention

12   inappropriate."  <u>Id.</u> (internal quotation marks and citation omitted).  One who alleges bias,

13   however, "must overcome a presumption of honesty and integrity in those serving as

14   adjudicators."  <u>Kenneally v. Lungren</u>, 967 F.2d 329, 333 (9th Cir. 1992) (citing <u>Withrow v.</u>

15   <u>Larkin</u>, 421 U.S. 35, 47 (1975)).

16        The bad faith exception has been applied narrowly, imposing a heavy burden on the

17   plaintiff seeking to invoke the exception and requiring more than mere allegations of bad faith or

18   harassment.  <u>Partington v. Gedan</u>, 961 F.2d 852, 861-62 (9th Cir. 1992) (finding the plaintiff's

19   allegations fell short of "establishing bad faith of the sort sufficient to invoke that exception"

20   because there were no allegations of repeated harassment by enforcement authorities with no

21   intention of securing a conclusive resolution by an administrative tribunal or the courts, or of

22   pecuniary bias by the tribunal.)

23

24

1    The Court finds that the four requirements of <u>Younger</u> abstention are met here.  First,

2    there is a state initiated proceeding which is ongoing, namely, the criminal prosecution of

3    Plaintiff Rygg in Everett Municipal Court.  (Dkt. Nos. 1, 2).  Second, the proceeding implicates

4    important state interests, namely, the axiomatic interest in enforcement of the criminal laws of

5    the jurisdiction.  Third, Plaintiffs are free to raise their retaliatory prosecution theory, and to

6    present evidence showing that Rygg did not assault Reinertsen, including all of the evidence

7    presented to the Court here, within their state court proceeding.  Although Plaintiffs allege

8    prosecutorial bias in the decision to bring charges, they do not allege that the state tribunal is

9    biased towards them (and in fact repeatedly point to a perceived victory in the state tribunal

10   which denied a request for a restraining order against Plaintiffs), and thus have not alleged that

11   the criminal proceeding will be unfair.  Lastly, Plaintiffs explicitly seek the injunction in order to

12   halt the state court proceedings.  Finding that the four <u>Younger</u> abstention requirements are met,

13   the Court turns to application of the bad faith or harassment exception.

14   Federal courts apply the bad faith or harassment exception narrowly, requiring allegations

15   of repeated harassment by enforcement authorities with no intention to seek a conclusive

16   resolution, or of bias by the decision maker in the tribunal.  <u>See, e.g.</u>, <u>Bell</u>, 2007 WL 2069869.

17   Here, Plaintiffs do not allege judicial bias in the state tribunal; rather, they allege bias and bad

18   faith by City prosecutors.  (Dkt. Nos. 1 at 20-22, 20 at 22.)  While Plaintiffs argue that the

19   charges are based on "known perjury" and thus could not lead to a valid conviction, they do not

20   allege that the criminal charges are being pursued without intent to seek a conviction.  (<u>Id.</u>)

21   Plaintiffs do not allege that Mike Fisher and James Iles have brought repeated charges against

22   them.  (<u>Id.</u>)  Plaintiffs have not satisfied the requirements to plausibly allege the bad faith or

23   harassment exception to the <u>Younger</u> abstention doctrine.

24

ORDER ON PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION, DEFENDANTS'
MOTION TO DISMISS- 11

1    The Court finds that the requirements for <u>Younger</u> abstention have been met, and that

2    Plaintiffs have not met their burden under the bad faith or harassment exception.  Accordingly,

3    the Court declines to exercise jurisdiction, DENIES Plaintiffs' motion for a preliminary

4    injunction, and DISMISSES Plaintiffs' claims for injunctive and declaratory relief.

5                                                **Conclusion**

6           The Court finds that Plaintiff Dilworth lacks Article III standing, and that Plaintiffs have

7    failed to state a plausible claim upon which relief can be granted against the City of Everett.  The

8    court also finds that Plaintiffs have failed to state a plausible claim for monetary relief, and that

9    the principles underlying <u>Younger</u> abstention require this Court to decline to exercise jurisdiction

10   over Plaintiffs' claims for injunctive and declaratory relief.  Accordingly, the Court DENIES

11   Plaintiffs' motion for a preliminary injunction, GRANTS Defendants' motion to dismiss, and

12   DISMISSES the case.

13

14          The clerk is ordered to provide copies of this order to all counsel.

15          Dated this 17th day of November, 2014.

16

17

18                                         Marsha J. Pechman

19                                         Chief United States District Judge

20

21

22

23

24

ORDER ON PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION, DEFENDANTS'
MOTION TO DISMISS- 12